## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RIGOBERTO SANDOVAL, individually and as a representative of a class of similarly situated plan participants and beneficiaries, on behalf of the EXELA 401(k) PLAN, the successor-in-interest of the NOVITEX ENTERPRISE SOLUTIONS RETIREMENT SAVINGS PLAN, | : : : : : : : : : | Civil Action No. 3:17-cv-1573 (MPS) |
| Plaintiff, | : : | |
| vs. | : : | |
| EXELA ENTERPRISE SOLUTIONS, INC., NOVITEX ENTERPRISE SOLUTIONS EMPLOYEE BENEFITS COMMITTEE and DOES NO. 1-10, Whose Names Are Currently Unknown, | : : : : : : | |
| Defendants. | : : | April 26, 2021 |

## **PRELIMINARY APPROVAL ORDER**

This litigation arose out of claims alleging breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, which Plaintiff, Rigoberto Sandoval ("Plaintiff"), on his own behalf and on behalf of the Class and the Exela 401(k) Plan ("Exela Plan"), the successor-in-interest of the Novitex Enterprise Solutions Retirement Savings Plan ("Novitex Plan"), asserted against Defendants, Exela Enterprise Solutions, Inc. ("Exela"), the Novitex Enterprise Solutions Employee Benefits Committee ("Committee"), and unknown members of the Committee (collectively, "Defendants").

Presented to the Court for preliminary approval is a settlement of the litigation against

Defendants. The terms of the settlement are set out in the Settlement Agreement and Release dated February 18, 2021 (the "Agreement"). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Agreement.

The Court has preliminarily considered the Settlement to determine, among other things, whether to certify a class for settlement purposes only and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the record and good cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

2. Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

3. The Court finds, on a preliminary basis and for the purposes of settlement only, that the requirements for certification under Rule 23(a) and Rule 23(b)(1) are satisfied:

    a) The Settlement Class meets the numerosity requirement of Rule 23(a)(1), as it consists of over 8,000 Class Members.

    b) Plaintiff has asserted claims that have at least one common question of law or fact to the Class and relate to the management of the Plan as a whole.

    c) Plaintiff is a former participant of the Novitex Plan, participating until it was terminated and its assets merged with the SourceHOV 401(k) Plan at the end of 2018 to form the Exela Plan, of which the Class Representative became a participant as a result of the merger, and is typical of other Class Members.

    d) Plaintiff has no conflicts with other Class Members, is adequate to represent the Settlement Class, and has retained experienced and qualified counsel

to represent the Class as Class Counsel.

4. Class certification is appropriate under Rule 23(b)(1) because the Class Representative asserts claims on behalf of individuals who participated in the Novitex Plan, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and would be dispositive of the interests of other class members as a practical matter or would substantially impair or impede their ability to protect their interests.

    a) The Court appoints Miller Shah LLP as Class Counsel and appoints named Plaintiff, Rigoberto Sandoval, as the Class Representative.

    b) The non-opt-out Class will be preliminarily certified for settlement purposes only, under the terms of the Agreement. The Settlement Class is defined as:

> All participants and beneficiaries of the Novitex Plan prior to the merger of the Novitex Plan with the SourceHOV 401(k) Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Novitex Plan at any time during the Class Period, and any alternate payees, in the case of a person subject to a QDRO who was a participant in the Novitex Plan at any time during the Class Period.
>
> The Class Period shall mean at any time on or after January 1, 2014, through and including December 31, 2018. The Class shall exclude all Defendants.

    c) If the Court does not issue the Final Approval Order and Judgment, then the certification will be vacated, and Defendants shall not be deemed to have admitted the propriety of Class certification under any provision of Federal Rule 23.

    d) The terms set forth in the Agreement are preliminarily approved, subject

to further consideration at the hearing the Court will hold pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive final approval by the Court, as provided for below (the "Final Approval Hearing"). Having considered the terms of the Settlement and the submissions in support of preliminary approval, the Court determines, in accordance with Federal Rule of Civil Procedure 23(e)(1)(B), that it is likely that the Court will be able to grant final approval of the Settlement under Federal Rule of Civil Procedure 23(e)(2) following notice and a hearing. The Agreement therefore is sufficiently within the range of reasonableness to warrant the preliminary approval of the Agreement, the scheduling of the Final Approval Hearing, and the mailing of Notice to Class Members, each as provided for in this Order.

5. The Court approves the retention by Class Counsel of Strategic Claims Services as the Settlement Administrator.

6. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiff, all Class Members, and the Exela Plan are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, individually, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, arbitration forum, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), including, without limitation, any Unknown Claims, that arise out of or relate in any way to the Released Claims or the Action.

7. The Court approves the Notice to Class Members in substantially the form

attached as Exhibit B to the Agreement. The Court approves the form and content of the Notice and finds that the proposed Settlement Notice fairly and adequately:

Summarizes the claims that are asserted;

Identifies the Settlement Class;

Describes the terms and effect of the Settlement Agreement, including the benefits of the Settlement and the class release;

Provides information regarding who is required to submit a Claim Form and the process for doing so;

Notifies the Settlement Class that Class Counsel will seek compensation from the Net Settlement Amount for Administrative Expenses, Attorneys' Fees and Expenses, and Case Contribution Award;

Describes how the recipients of the Class Notice may object to the Settlement, or any requested Administrative Expenses, Attorneys' Fees and Expenses, or Case Contribution Award; and

Gives notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear.

8. The Court finds that the Plan of Allocation proposed by Plaintiff and Class Counsel for allocating the Settlement Amount to Class Members, as described in **Exhibit C** to the Agreement, is likely to receive final approval and that the agreement is within the range of reasonableness to warrant preliminary approval.

## Manner of Giving Notice

9. Exela shall use reasonable efforts to cause the Plan Recordkeepers to provide to the Settlement Administrator, within forty-five (45) calendar days of the entry of this Preliminary

Approval Order, the Participant Data, as defined in the Plan of Allocation as described in **Exhibit C** to the Agreement (including names and last known addresses and email addresses, if available) sufficient to effectuate the Notice, implement the Plan of Allocation, and distribute the Settlement Fund on the terms provided for in the Agreement. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing Notice of this Settlement and distribution of the Settlement Fund, and for no other purpose and shall be treated as "Confidential" under the Protective Order governing the Action. *See Rigoberto Sandoval v. Exela Enterprises Solutions, Inc., et al.*, No. 3:17-cv-1573, Dkt. Nos. 68, 69.

10. Within sixty (60) calendar days of the entry of this Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, the Settlement Administrator shall establish a website containing, the Notice, the Agreement and its exhibits, this Order, the Second Amended Complaint, and the Motions for Preliminary Approval and Final Approval (when filed); the Motion for Attorneys' Fees and Expenses (when filed); any approval order or other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Parties.

11. Within sixty (60) calendar days of the entry of this Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, the Settlement Administrator shall establish a toll-free telephone number to which Class Members can direct questions about the Settlement.

12. Within sixty (60) calendar days of the entry of this Order, or as may be modified by the Court, the Settlement Administrator shall cause copies of the Notice to be sent by first-class mail or electronic mail (if available) to all Class Members through the notice procedure

described in the Agreement and shall cause the Summary Notice to be issued via PRNewswire for national distribution.

13. Not later than seven (7) business days after sending the Notice to Class Members, the Settlement Administrator shall provide to Class Counsel and to Defendants' Counsel a declaration attesting to compliance with the sending of the Notice, as set forth above.

14. The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15. All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Agreement.

## Final Approval Hearing

16. The Court will hold the Final Approval Hearing on September 14, 2021 at 10:00am, for the following purposes: (a) to determine whether the non-opt out Class should be certified for settlement purposes only; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (c) to determine whether Class Counsel's Fee and Expense Application is reasonable and should be approved; (d) to determine whether Plaintiff's request for a Case Contribution Award is reasonable and should be approved; (e) to determine whether a Final Approval Order and Judgment substantially in the form attached

as Exhibit A to the Agreement should be entered dismissing with prejudice all Claims; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in Paragraph 7 of this Order.

17. The Court may adjourn the Final Approval Hearing and approve the Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Class.

18. Not later than forty-two (42) calendar days before the Final Approval Hearing, Class Counsel shall submit their papers in support of final approval of the Agreement, and in support of Class Counsel's Fee and Expense Application and Plaintiff's request for a Case Contribution Award.

19. Not later than forty-five (45) calendar days before the Final Approval Hearing, the Independent Fiduciary shall submit its report pursuant to Section 2.6 of the Agreement, and the Report of the Independent Fiduciary shall be filed with the Court not later than forty-two (42) days before the Final Approval Hearing.

20. Not later than thirty (30) calendar days before the Final Approval Hearing, the Settlement Administrator shall submit its declaration pursuant to Section 2.7 of the Agreement.

### Objections to the Settlement

21. The Court will consider written comments and objections to the Settlement, to the proposed Motion for Attorneys' Fees and Expenses, and to Plaintiff's request for a Case Contribution Award. Any objection to the proposed Settlement must be in writing, and must (a) clearly identify the case name and number (*i.e.*, *Rigoberto Sandoval v. Exela Enterprises Solutions, Inc., et al.*, No. 3:17-cv-1573), and (b) be submitted to the Court either by mailing it to

the Clerk of the Court for the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103, or by filing it in person at any location of the United States District Court for the District of Connecticut.  To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in the Settlement Class Member's written objection: (1) his/her/its full name, current address, and current telephone number, and, if represented by counsel, any of his/her/its counsel's name and contact information; (2) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (3) a statement of the position(s) the objector wishes to assert; (4) copies of any other documents that the objector wishes to submit in support of his/her/its position; and (5) a list of any other objections to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.

22. Any Class Members' objections must be filed or postmarked on or before thirty (30) calendar days before the Final Approval Hearing.  Any objections submitted by federal or state authorities must be filed no later than thirty (30) calendar days before the Final Approval Hearing.

23. Any Class Member who does not timely file and serve a written objection shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Agreement, and any untimely objection shall be barred absent an order from the Court.

24. Any Class Member who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense.  Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the

Class Member or that Class Member's counsel.

25. The Parties may file written responses to any objections not later than five (5) business days before the Final Approval Hearing.

### Termination of Settlement

26. This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be deemed to have reverted to their respective status in the Action as of December 11, 2020, if the Settlement is terminated in accordance with the terms of the Agreement.

### Use of Order

27. This Order is not admissible as evidence for any purpose against the Defendant Released Parties in any pending or future litigation. This Order: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendant Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Exela Plan, or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable; and (e) shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Agreement is terminated. This Order and the Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

## Jurisdiction

28. The Court may adjourn or continue the Fairness Hearing without further direct notice to the Class Members other than by notice to Class Counsel and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**SO ORDERED** this 26 day of April, 2021.

_____/s/_____
The Honorable Michael P. Shea
United States District Judge